Alexander & Keenan, for appellant.
Hirsh & Newman, for respondent.

PER CURIAM. The serious question on this appeal is whether the learned justice below erred in excluding evidence of an oral agreement that the written lease or agreement was delivered conditionally. The defendant delivered the instrument to the plaintiff in June, 1910, which by its terms leased to plaintiff the roof of a building for one year from March 1, 1911, with a right to the tenant to renew for a like period of time on the same terms and conditions. The rental was $200 per year, and the rent for the first year was paid to the landlord, the defendant here, at the date of the execution and delivery of the instrument. The defendant retained the money, but two or three days before the commencement of the term in March, 1911, he notified the plaintiff that he could not deliver possession, because another tenant was in possession under a lease antedating that made to the plaintiff. On the trial the defendant sought to prove an oral agreement with the representatives of the plaintiff that the lease or agreement was delivered conditionally, not to become effective if a tenant then in possession of the premises had a lease for the year from March 1, 1911, to March 1, 1912, a fact which the defendant landlord professed to be ignorant of at the time the writing was delivered. This evidence was excluded by the justice.

While the old rules excluding oral evidence to vary a written instrument have been greatly relaxed (McCreery v. Day, 119 N. Y. 1, 23 N. E. 198, 6 L. R. A. 503, 16 Am. St. Rep. 793), the doctrine that agreements or deeds or instruments conveying an interest in real estate when once delivered cannot be avoided by oral agreements that the delivery was conditional, appears to be firmly established (Blewitt v. Boorum, 142 N. Y. 357, 37 N. E. 119, 40 Am. St. Rep. 600). While it may be as was said by Judge Bronson in Gilbert v. North American Fire Ins. Co., 23 Wend. 43, 35 Am. Dec. 543, that the doctrine prevents the law from giving effect to the honest intention of the parties, the reason appears to be that the avoidance of duly delivered written instruments conveying interest in lands by parol would be to render titles to real estate insecure, and this class of instruments is excepted from the relaxed rule.

The award of damages appears to be reasonable. Judgment affirmed, with costs.

---

(76 Misc. Rep. 576.)

JOHN J. DALY IRON, STEEL & METAL CO. v. UNITED STATES METAL & MFG. CO.

(Supreme Court, Appellate Term, Second Department. May, 1912.)

DEPOSITIONS (§ 37*)—MOTION FOR COMMISSION.

Where defendant moved in October for a commission to take testimony, and established a prima facie case, to which plaintiff filed no affi-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

davits in opposition, and the case was not tried until December, an order denying the motion, without stating any grounds, would be reversed.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. § 52; Dec. Dig. § 37.*]

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by the John J. Daly Iron, Steel & Metal Company against the United States Metal & Manufacturing Company. From an order denying defendant's motion for a commission to take testimony of witnesses, it appeals. Reversed.

Argued before KELLY, JAYCOX, and CLARK, JJ.

Charles J. Hardy, for appellant.
Lawrence T. Gresser, for respondent.

PER CURIAM. As to the appeal from the order, there is nothing to show why it was refused. Defendant made out a prima facie case for a commission. The order recites the motion and affidavits, and that plaintiff's attorney was heard in opposition, and then denies the motion—no ground stated and no affidavits in opposition.

Respondent says no appeal was taken from the order, but he is wrong. Notice of appeal, with his admission of service, is returned. The motion for commission was made in October. The case was not tried until December. The evidence sought was material. One of the issues in dispute was the weight of the material delivered. While it is true the plaintiff claimed that the test was the weight when loaded in Long Island City, and these witnesses unloaded the freight at the point of delivery, it would seem that in any event the evidence was admissible. But no reason is given for denying the motion to which defendant appears to have been entitled under Municipal Court Act (Laws 1902, c. 580) §§ 205–207.

Defendant claimed under the printed order blank that it was the weight *at the mill* which governed. Order says payment to be made by *mill returns*. Plaintiff claimed that the written part of the order, providing for delivery on board at Long Island City, governed. Without passing on this question, we think the evidence was admissible.

Order denying motion for commission reversed, with $10 costs to appellant.

Order reversed, with $10 costs to appellant.